# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| INSYS THERAPEUTICS, INC., *et al.* | Case No. 19-11292 (JTD) |
| Liquidating Debtors. | (Jointly Administered) |
| INSYS LIQUIDATION TRUST, BY AND THROUGH WILLIAM HENRICH, AS LIQUIDATING TRUSTEE, | Adv. Proc. No. 21-50359 (JTD) |
| Plaintiff, | |
| v. | |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | |
| Defendant. | |

## OPENING BRIEF IN SUPPORT OF THE MOTION OF QUINN EMANUEL URQUHART & SULLIVAN, LLP TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM

**ASHBY & GEDDES, P.A.**
F. Troupe Mickler IV (#5361)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Tel: (302) 654-1888
Email: TMickler@ashbygeddes.com

-and-

**QUINN EMANUEL URQUHART & SULLIVAN LLP**
Daniel R. Lombard
Eric D. Winston
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Email: daniellombard@quinnemanuel.com
          ericwinston@quinnemanuel.com

Dated: July 19, 2021        *Attorneys for Defendant*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................. ii

PRELIMINARY STATEMENT ......................................................................................................... 1

ARGUMENT ....................................................................................................................................... 3

    A.    The Preference Count Must Be Dismissed Because the Trustee Wholly Fails to Plead Facts Sufficient to Satisfy Element, Including the Reasonable Diligence Element Contained in the 2019 Amendment ....................... 5

    B.    This Court Should Dismiss the Fraudulent Transfer Claim Notwithstanding it Was Pled in the Alternative ........................................................ 9

    C.    This Court Should Dismiss the Postpetition Transfer Count Because There Are No Postpetition Transfers Alleged in the Complaint ......................................... 9

    D.    The Remaining Counts Should Be Dismissed Because QEUS Has Not and Is Not Asserting a Claim Against the Debtor ........................................................ 10

CONCLUSION .................................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Cases**  **Page(s)**

*Anderson News, LLC v. The News Group, Inc. (In re Anderson News, LLC)*,
 2012 WL 3638785 (Bankr. D. Del. Aug. 22, 2012) ....................................................................7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..................................................................................................................4, 8

*Balistreri v. Pacifica Police Dep't*,
901 F.2d 696 (9th Cir. 1990) ........................................................................................................3

*Bell Atl. v. Twombly*,
550 U.S. 544 (2007)..............................................................................................................1, 4, 8

*Conley v. Gibson*,
355 U.S. 41 (1957) .......................................................................................................................3

*Fowler v. UPMC Shadyside*,
578 F.3d 203 (3d Cir. 2009).........................................................................................................4

*Gavin Solmonese, LLC v. Shyamsundar (In re AMCAD Hldgs., LLC)*,
Adv. No. 15-51979 (MFW) (Bankr. D. Del. Nov. 29, 2017) .......................................................7

*Giuliano v. Gibson, Dunn and Crutcher LLP (In re Liquid Holdings Group, Inc.)*,
 2018 WL 6841351 (Bankr. D. Del. Nov. 14, 2018) ...................................................................6

*Giuliano v. Haskett (In re MCG L.P.)*,
545 B.R. 74 (Bankr. D. Del. 2016) ..............................................................................................7

*Husted v. Taggart (In re ECS Refining, Inc.)*,
625 B.R. 425 (Bankr. E.D. Cal. 2020)......................................................................................1, 8

*Johnson v. Riverside Healthcare Sys., LP*,
534 F.3d 1116 (9th Cir. 2008) .....................................................................................................3

*Kost v. Kozakiewicz*,
1 F.3d 176 (3d Cir. 1993).............................................................................................................3

*Marder v. Lopez*,
450 F.3d 445 (9th Cir. 2006) .......................................................................................................4

*Miller v. Mitsubishi Digital Elecs. Am. Inc. (In re Tweeter Opco)*,
452 B.R. 150 (Bankr. D. Del. 2011) ............................................................................................7

*Santiago v. Warminster Twp.*,
629 F.3d 121 (3d Cir. 2010).........................................................................................................4

*United States v. Ritchie*,
342 F.3d 903 (9th Cir. 2003) ..................................................................................................4

*Valley Media, Inc. v. Borders, Inc. (In re Valley Media, Inc.)*,
288 B.R. 189 (Bankr. D. Del. 2003) ........................................................................................7

*Whyte v. C/R Energy Coinvestment II, L.P. (In re SemCrude, L.P.)*,
2013 WL 2490179 (Bankr. D. Del. June 10, 2013),
*aff'd* 526 B.R. 556 (D. Del. 2014), *aff'd* 648 F. App'x 205 (3d Cir. 2016) ......................................9

**Statutes**

11 U.S.C. § 547................................................................................................................. *passim*

11 U.S.C. § 547(b) ...........................................................................................................1, 5, 7, 8

11 U.S.C. § 547(b) (5) ..............................................................................................................6

11 U.S.C. § 548........................................................................................................................3

11 U.S.C. § 549........................................................................................................................9

**Rules**

Fed. R. Bankr. P. 7012(b) .........................................................................................................3

Fed R. Civ. P. 8(a) ....................................................................................................................3

Fed. R. Civ. P. 8(a)(2)...............................................................................................................3

Fed. R. Civ. P. 12(b)(6)..........................................................................................................3, 4

Fed. R. Evid. 201(b)..................................................................................................................4

**Other Authorities**

Small Business Reorganization Act, Pub. L. 116 effective Feb. 19, 2020)................................ 1, 8

Quinn Emanuel Urquhart & Sullivan, LLP ("QEUS") respectfully submits this Motion to dismiss the complaint (the "Complaint") [Adv. D.I. 1] filed by William Henrich, as liquidating trustee (the "Trustee") for the Insys Liquidation Trust, in the above-captioned adversary proceeding.

## PRELIMINARY STATEMENT

The Complaint seeks to avoid as preferences three transfers, identified on Exhibit 1 to the Complaint, totaling $90,232.23 (the "Transfers"). The Complaint alleges that QEUS received the Transfers within 90 days of the Petition Date. Alternatively, the Complaint seeks to avoid the Transfers as various flavors of constructive fraudulent transfers.

The Complaint is a cookie-cutter, "preference factory" complaint wholly devoid of any well-pleaded factual allegations. It is one of nearly 100, nearly identical, complaints the Trustee filed in two waves (one wave in February and the second in April 2021).[1] In 2019, Congress amended section 547 of the Bankruptcy Code by adding as an element of the claim a requirement that a trustee may avoid a transfer as a preference "based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under subsection (c) . . . ." 11 U.S.C. § 547(b) (as amended by the Small Business Reorganization Act, Pub. L. 116-54, effective Feb. 19, 2020). In *Husted v. Taggart (In re ECS Refining, Inc.)*, 625 B.R. 425, 453-58 (Bankr. E.D. Cal. 2020), a bankruptcy court engaged in a detailed analysis and correctly held that the 2020 amendment imposed a new element on preference claims that a bankruptcy estate carries the burden of proving and thus must allege in a complaint sufficient under *Twombly*. *Id.* at 457.

---

[1] Attached hereto as **Exhibit A** is a list of all of the preference complaints the Trustee filed.

The Complaint falls dramatically short of the pleading requirements. The Trustee was appointed in February 2020 and had over a year to examine the Debtor's books and records. Yet the Trustee pleads virtually nothing – other than a single conclusory statement – to demonstrate that he engaged in reasonable due diligence and took into account QEUS's known or knowable affirmative defenses under subsection (c).

The Trustee in fact *was* on notice that QEUS had known and knowable defenses. The Complaint alleges that "in or about June through August 2020" the Trustee sent a letter to QEUS.[2] The Complaint, of course, does not attach the letter, nor does it allege whether there was a response. As it turns out, QEUS did respond within a few weeks of receiving the Trustee's letter, identifying its affirmative defenses. Moreover, the Trustee is well aware why QEUS received the Transfers – QEUS was providing services to two former directors of Insys who were contractually entitled to ordinary course indemnification-related protections. In fact, the Trustee knew (or should have known) that QEUS's clients had a stipulation with the Debtors, publicly filed in this Court, that acknowledged that they had substantial, liquidated prepetition claims, well in excess of the amount of the Transfers (the "<u>Stipulation</u>"). D.I. 1125.[3]

Yet the Complaint alleges no facts regarding what the Trustee did in response to QEUS's letter or account for the Stipulation (which shows both new value and ordinary course defenses). The amendment to section 547 was designed to force a bankruptcy trustee to do a lot more than simply launch dozens of nearly identical complaints in hopes of shaking money from targets lest they be required to hire counsel.

---

[2]   It is difficult to imagine the Trustee engaged in reasonable due diligence when the Complaint does not even identify the date of the single letter he sent and instead alleges a 92-day range.

[3]   Attached hereto as **<u>Exhibit B</u>** is a file-stamped copy of the Stipulation.

The other claims in the Complaint are equally deficient. The fraudulent transfer count pleads <u>zero</u> facts other than that the Debtor made payments to QEUS, and instead merely parrots the elements of what is likely intended to Bankruptcy Code section 548. The postpetition count must be dismissed because it does not identify a single transfer made after the Petition Date; the chart attached to the Complaint shows only transfers occurring prior to the Petition Date.

There is no doubt that the Trustee is betting on this Court giving the Trustee a free pass by giving leave to amend. But Congress in 2019 sought to curb the "preference factory" practice. Permitting a trustee to file an obviously deficient preference complaint in hopes of forcing the defendant to make a Hobson's Choice of either settling quickly (even though the preference claim is meritless) or incurring significant expenses to defend itself (by moving to dismiss or asserting obvious affirmative defenses) would undermine precisely why Congress amended Bankruptcy Code section 547.

## ARGUMENT

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must provide "the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 45 (1957).

FRCP 12(b)(6) applies in adversary proceedings. Fed. R. Bankr. P. 7012(b). A motion to dismiss under FRCP 12(b)(6) challenges the sufficiency of the allegations set forth in the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). "A 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (*quoting Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To survive a motion to dismiss, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007) A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Third Circuit has established a three-part test in weighing a motion to dismiss. First, the Court must take note of the elements needed for a plaintiff to state a claim. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). Second, the Court must separate the factual and legal elements of the claim, accepting all of the complaint's well-pled facts as true and disregarding any legal conclusions. *Id.*; *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citing *Iqbal*, 556 U.S. at 679). Third, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. *Santiago*, 629 F.3d at 130.

The Court may consider documents upon which the Complaint "necessarily relies" if: (1) the Complaint refers to those documents, (2) the document is central to the claim, and (3) no party questions that authenticity of the copy submitted to the Court. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). The Court "may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The Court also may take judicial notice of facts "not subject to reasonable dispute," because they are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

### A.   The Preference Count Must Be Dismissed Because the Trustee Fails to Plead Facts Sufficient to Satisfy Its Elements, Including the Reasonable Diligence Element Contained in the 2019 Amendment

Count I asserts that QEUS received three transfers within 90 days of the Petition Date and seeks to avoid pursuant to Bankruptcy Code section 547. Historically, Bankruptcy Code section 547 allows a trustee to recover a prepetition transfer of an interest of the debtor in property that was if the trustee could establish five elements:

(1) the subject transfer to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made - (A) on or within 90 days before the date of the filing of the petition; or (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if - (A) the case were a case under chapter 7 of this title; (B) the transfer had not been made; and (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

The Complaint alleges no facts indicating what was the antecedent debt being satisfied or that QEUS was even a creditor of the Debtor. There is instead a conclusory statement in paragraph 14 that falls well short of what is required:

> The Transfers were made on account of the Transferring Debtor's purchases, on an unsecured basis, of services and/or goods from Defendant. Such goods and/or services were provided by Defendant to the Transferring Debtor on or before the invoice date

5

> indicated on the annexed exhibit, and before the corresponding Transfer was made.

"[G]eneric allegations" of that ilk are not sufficient to withstand a motion to dismiss. *See Giuliano v. Gibson, Dunn and Crutcher LLP (In re Liquid Holdings Group, Inc.)*, 2018 WL 6841351, at *3 (Bankr. D. Del. Nov. 14, 2018) (dismissing complaint that "contain[ed] no description of Defendant much less a description of the nature of the relationship between the Defendant and the Debtors," and "provide[d] no details of any contracts between the parties nor any description of the goods and/or services exchanged").

Moreover, the Complaint alleges no facts demonstrating that QEUS received more than it would have received in a chapter 7 liquidation; paragraph 25 merely quotes the statute. This threadbare effort does not work. *See id.* (dismissing as inadequate complaint that "merely parrot[ed] the language of section 547(b)(5), without providing any specific factual allegations" why defendant received more than it would have in chapter 7 liquidation).

For years it was quite common to see bankruptcy trustees or post-confirmation liquidating trusts file numerous, nearly identical, preference complaints immediately prior to the expiration of the two-year statute of limitations for bringing preference actions. Indeed, that is what happened here. In February and April 2021, the Trustee filed nearly 100 preference complaints. Even though the types of defendants appear very different, the complaints are all virtually identical in their allegations.

For example, on February 22, 2021, the Trustee sued a law firm like QEUS – Finnegan, Henderson, Farabow, Garret & Dunner LLP – seeking to avoid a $24,000 payment made on April 18, 2019.[4] Other than the names of the law firms and the dates and amounts of the transfers, the factual allegations in the Finnegan complaint are basically identical to those in the

---

4   Adv. Proc. Case No. 21-50159-JTD.

complaint against QEUS. Then, on April 19, 2021, the Trustee sued the United States Department of Homeland Security, seeking to avoid 15 transfers between March 25, 2019 and May 3, 2019 totaling $8,260.[5] The factual allegations in the complaint against the Department of Homeland Security are virtually identical to those against QEUS and Finnegan (again, other than dates and amounts).

Usually what would happen after trustees filed waves of preference complaints is that some defendants would move to dismiss, pointing out that the complaints were deficient and, often, motions to dismiss would be granted but the plaintiffs would be given leave to amend. The judges of this Court are very familiar with the tactic, and have issued numerous opinions in the last two decades that should guide fiduciaries like the Trustee. *See Valley Media, Inc. v. Borders, Inc. (In re Valley Media, Inc.)*, 288 B.R. 189, 192 (Bankr. D. Del. 2003); *Anderson News, LLC v. The News Group, Inc. (In re Anderson News, LLC)*, 2012 WL 3638785 *1 (Bankr. D. Del. Aug. 22, 2012) (dismissed with leave to amend for failure to allege facts demonstrating an antecedent debt); *Miller v. Mitsubishi Digital Elecs. Am. Inc. (In re Tweeter Opco)*, 452 B.R. 150 (Bankr. D. Del. 2011) *Giuliano v. Haskett (In re MCG L.P.)*, 545 B.R. 74, 82-83 (Bankr. D. Del. 2016) (complaint dismissed with leave to amend); *Gavin Solmonese, LLC v. Shyamsundar (In re AMCAD Hldgs., LLC)*, Adv. No. 15-51979 (MFW) (Bankr. D. Del. Nov. 29, 2017) (dismissing preference count for failure to allege facts with requisite particularity).

In 2019, however, Congress amended Bankruptcy Code section 547 to add a new element to section 547. The first sentence of Bankruptcy Code section 547(b) now provides that a trustee may seek to avoid a transfer as a preference "based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable

---

[5] Adv. Proc. Case No. 21-50338-JTD.

7

affirmative defenses under subsection (c) . . . ."  11 U.S.C. § 547(b) (as amended by the Small Business Reorganization Act, Pub. L. 116-54, effective Feb. 19, 2020).

The court in *Husted* provided a detailed analysis of the amendment.  Acknowledging there was no legislative history, the court nonetheless had no problems concluding the new provision was a condition precedent (and thus an element) of any preference claim.  It then found the complaint deficient.  "The First Amended Complaint does not expressly recite the efforts she undertook to evaluate the merits of a prima facie case or reasonably knowable affirmative defenses. Plaintiff Husted's use of pre- *Iqbal/Twombly* notice style pleadings and a very general nature of the allegations in the First Amended Complaint suggest a lack of pre-filing due diligence." 625 B.R. at 458.

The *Husted* court did grant leave to amend.  *Id.* at 461.  That makes sense because, at the time, there appeared to be no precedent regarding the 2019 amendment (and the court had to address whether the amendment even applied to the complaint before it).  But here, the facts are different.  The amendment took effect in February 2020, more than a year prior to the filing of the Complaint here.  And, unlike here, the *Husted* case involved not a "preference factory" circumstance but a far more involved case where the trustee alleged breaches of fiduciary duty, corporate waste, actual fraudulent transfers and preferences. *See id.* at 438.

This case, however, is one of almost 100 nearly identical preference complaints.  They all contain effectively identical, threadbare, allegations even though the identities and relationships of the defendants to Insys are no doubt different.  This is what the 2019 amendment was supposed to deter.  To permit leave to amend would give no effect to the amendment. Accordingly, QEUS respectfully submits that the Court should make clear that it will no longer tolerate "preference factory" practice and dismiss with prejudice.

8

**B.      The Court Should Dismiss the Fraudulent Transfer Claim Notwithstanding That it Was Pled in the Alternative**

In Count II, the Trustee seeks in the alternative to avoid the Transfers as fraudulent transfers. But the allegations in the Complaint – paragraphs 28-33 – are nothing more than parrots of the elements of the statute. There are zero factual allegations to support pleading insolvency[6] or receipt of less than reasonably equivalent value. There are zero factual allegations to show that Insys had unreasonably small capital. There are zero factual allegations demonstrating that the Debtor "intended to incur, or believed that the Transferring Debtor would incur, debts that would be beyond the Transferring Debtor's ability to pay as such debts matured."

**C.      This Court Should Dismiss the Postpetition Transfer Count Because There Are No Postpetition Transfers Alleged in the Complaint**

This Court should also dismiss Count III, which asserts a claim under Bankruptcy Code section 549, for the straightforward reason that none of the Transfers occurred postpetition. According to the exhibit attached to the Complaint, each of the three Transfers occurred prior to June 10, 2019, with the last Transfer occurring on May 22, 2019. That is weeks prior to the Petition Date.

Section 549 applies only to postpetition transfers. The Complaint has not alleged any. The count should therefore be dismissed.

---

[6]     Unlike the presumption of insolvency for 90-day preference claims, for fraudulent transfer claims a trustee must allege facts sufficient to plausibly demonstrate insolvency regardless of when the transfers occurred. *Whyte v. C/R Energy Coinvestment II, L.P. (In re SemCrude, L.P.)*, 2013 WL 2490179, at *11 n.71 (Bankr. D. Del. June 10, 2013), *aff'd* 526 B.R. 556 (D. Del. 2014), *aff'd* 648 F. App'x 205 (3d Cir. 2016).

**D.    The Remaining Counts Should Be Dismissed Because QEUS Has Not and Is Not Asserting a Claim Against the Debtor**

The remaining counts all relate to objections to a claim of QEUS. But QEUS did not file a proof of claim, and is not asserting any claim now. There is nothing to object to or to setoff against. These counts must be dismissed.[7]

## CONCLUSION

Based on the foregoing facts and legal authorities, QEUS respectfully requests that this Court dismiss the Complaint with prejudice and grant such other relief to QEUS as it deems just and proper.

Dated: July 19, 2021
Wilmington, Delaware

**ASHBY & GEDDES, P.A.**

 */s/ F. Troupe Mickler IV*
F. Troupe Mickler IV (#5361)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Tel: (302) 654-1888
Email: TMickler@ashbygeddes.com

-and-

**QUINN EMANUEL URQUHART & SULLIVAN LLP**
Daniel R. Lombard
Eric D. Winston
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Email: daniellombard@quinnemanuel.com
            ericwinston@quinnemanuel.com

*Attorneys for Defendant*

---

[7] For avoidance of doubt, QEUS's clients did file proofs of claim and do hold general unsecured claims, per the Stipulation.

10